At an I.A.S. Part 55 of the
Supreme Court of the State of New York,
County of New York, held at the
Courthouse, 60 Centre Street, New York,
New York, on May 16, 2013

Present:   Hon. **CYNTHIA S. KERN**
                    J.S.C.

------------------------------------------------------------x
Application of New Sunshine, LLC,

                            Petitioner,

For an Order Pursuant to Article 75 of the CPLR
Staying Arbitration of a Certain Controversy,

            -against-

Melania Marks Skincare LLC,

                            Respondent.
------------------------------------------------------------x

Index No. 651761/13

ORDER TO SHOW CAUSE

       Petitioner New Sunshine, LLC ("Petitioner"), having applied for an order, pursuant to CPLR 7503 and 2201, staying the arbitration proceeding initiated against Petitioner by Respondent Melania Marks Skincare LLC ("Respondent") pending resolution of an action entitled *Merchant Capital, LLC and New Sunshine, LLC v. Melania Marks Skincare LLC*, filed on May 2, 2013, in the State of Indiana in Marion County Circuit Court, Cause Number 49C011305PL016127 (the "Indiana Action"), and for an order temporarily staying the arbitration proceeding against Petitioner pending the determination of Petitioner's application for a stay pending resolution of the Indiana Action;

       Now, upon reading and filing the Petition of New Sunshine, LLC, verified on May 15, 2013 (the "Petition"), and the exhibits annexed thereto; the affirmation of James J.



1671192_1

Coster dated May 15, 2013 (the "Coster Affirmation"); and the accompanying Memorandum of Law, it is upon due consideration hereby

ORDERED that Respondent ~or counsel appear and~ show cause at a before the Hon. Cynthia S. Kern, I.A.S. Part 55 in Courtroom 43 of the Courthouse located at 60 Centre Street, New York, New York, on June 4, 2013, at 9:30 a.m. or as soon thereafter as counsel may be heard, why an Order should not be entered staying the arbitration proceeding instituted by the Respondent against the Petitioner and all proceedings therein pursuant to CPLR 7503(b) and 2201 pending the resolution of the Indiana Action upon the ground that the threshold question of whether there is a valid agreement to arbitrate between New Sunshine and Melania Marks is already properly before the Indiana Court, and for such other and further relief as this Court deems just and proper; and it is further

ORDERED that pending the hearing ~and determination~ of this application, the arbitration between the Petitioner and the Respondent and all proceedings therein are hereby stayed and Respondent is enjoined from taking steps to prosecute the arbitration against Petitioner; and it is further

Service accepted - PK

~ORDERED that service of this Order, the Petition, the exhibits annexed thereto, the Coster Affirmation, the exhibits annexed thereto, and the Memorandum of Law shall be sufficient if copies of such are served upon Respondent's counsel, Jeffrey L. Goldman, Esq., Belkin Burden Wenig & Goldman LLP, 270 Madison Avenue, New York, New York 10016, by hand delivery on or before the ___ day of _____, 2013; and it is further~

~ORDERED that papers in opposition to Petitioner's application, if any, shall be served in such manner that they are actually received on or before the ___ day of _____, 2013, and that reply papers on the application, if any, shall be served on or before the ___ day of _____, 2013.~

Oral Argument Directed PK
JBC

1671192_1

ENTER:

PK
J.S.C.

2