UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MERCHANT CAPITAL, LLC, AND          )
NEW SUNSHINE, LLC,                  )
    *Plaintiffs*,                   )
                                    )      1:13-cv-00873-JMS-DML
    *vs.*                           )
                                    )
MELANIA MARKS SKINCARE, LLC,        )
    *Defendant.*                    )

## ORDER TO FILE JOINT JURISDICTIONAL STATEMENT

On May 29, 2013, Defendant removed Plaintiffs' civil action to this Court from Marion County Superior Court.  [Dkt. 1.]  Defendant did so alleging that this Court can exercise diversity jurisdiction under 28 U.S.C. §§ 1441, 1446 and 1332.  [*Id*. at 2.]

In paragraphs 5(a) through 5(c) of its notice of removal, Defendant asserts various citizenship analyses of the plaintiffs[1] and details "upon information and belief."  [*Id*. at 2.] However, jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court.  *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is

---

[1] The narrative form of the paragraphs renders a tracing of the states of citizenship of the various LLCs that comprise the two plaintiff LLC's unnecessarily difficult.  The Court suggests a table form or family-tree type tracing for clarity in the jurisdictional statement the Court is ordering herein.

unsupported).   The current allegations are speculative, and an insufficient basis on which to invoke this Court's jurisdiction.

Defendant also asserts that "Menard, Inc. is a citizen of the State of Wisconsin," [dkt. 1 at 2 ¶ 5(a)], and that "Melania Marks Skincare Managing Member Corp. is a citizen of Delaware," [*id*. at 2 ¶ 5(c)].   But a corporation has two places of citizenship: where it is incorporated and where it has its principal place of business.   *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006).   Defendant needs to allege both in invoking this Court's jurisdiction. *See State St. Bank & Trust Co. v. Morderosian*, 234 F.3d 1274 (7th Cir. 2000) ("A court needs to know details, such as the state of incorporation and the principal place of business of each corporate party.").

Defendant also alleges that "Stephen Hilbert [is] a resident of the State of Indiana."   [*Id*. 3 ¶ 5(b).]   However, "residence and citizenship are not synonyms, and it is the latter that matters for purposes of diversity jurisdiction."   *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).   Although Defendant refers earlier to "either Stephen Hilbert and Tomisue Hilbert, both of whom are citizens of the State of Indiana," the Court will not speculate as to whether either or both of the Hilberts are involved, nor why the Defendant referred in the second instance to Mr. Hilbert's residence rather than his citizenship.

Defendant also alleges that monetary damages are "in excess of $75,000.00," but 28 U.S.C. § 1332 requires that the amount in controversy exceed "$75,000, exclusive of interest and costs."  28 U.S.C. § 1332(b).

In noting the foregoing deficiencies, the Court is not being hyper-technical; the Court has an independent obligation to ensure that there is diversity among the parties. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007).   Additionally, it is a "basic principle …

that parties cannot stipulate to the subject-matter jurisdiction of the federal courts." *Drake v. Minnesota Min. & Mfg. Co.*, 134 F.3d 878, 883 (7th Cir. 1998) (internal citations omitted). Having reviewed the docket, the Court cannot assure itself that it can exercise diversity jurisdiction over this matter.

For these reasons, and because jurisdiction always constitutes a threshold question in any action, *see, e.g.*, *Sandoval v. City of Chicago*, 560 F.3d 703, 704 (7th Cir. 2009), the Court **ORDERS** the parties to file a joint jurisdictional statement by **June 14, 2013**, certifying the parties' citizenship and that the amount in controversy, exclusive of interest and costs, exceeded $75,000 at the time of removal. If the parties cannot agree on the parties' citizenship, the amount in controversy, or any other jurisdictional requirement, they are ordered to file competing jurisdictional statements by that date setting forth their positions.

06/07/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to counsel of record.**