IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MERCHANT CAPITAL, LLC, and<br>NEW SUNSHINE, LLC | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | CASE NO. 1:13-cv-0873 JMS-DML |
| MELANIA MARKS SKINCARE, LLC | )<br>)<br>) | |
| Defendant. | ) | |

## JOINT CASE MANAGEMENT PLAN

Plaintiffs, Merchant Capital, LLC and New Sunshine, LLC (collectively, the "Plaintiffs"), and Defendant, Melania Marks Skincare, LLC ("Defendant"), by their respective counsel, hereby provide the Court with this Joint Case Management Plan for the Court's consideration and approval.

**I.   Parties and Representatives**

   A.   Plaintiffs Merchant Capital, LLC and New Sunshine, LLC

   Kevin C. Tyra, Atty. No. 11883-49
   Jerry M. Padgett, Atty. No. 27282-49
   THE TYRA LAW FIRM, P.C.
   334 N. Senate Avenue
   Indianapolis, IN 46204
   Telephone: (317) 636-1304
   Fax: (317) 636-1343
   kevin.tyra@tyralaw.net
   jerry.padgett@tyralaw.net

B. Defendant Melania Mark Skincare, LLC

>Norman T. Funk, Atty. No. 7021-49
>Libby Y. Goodknight, Atty. No. 20880-49
>Bryan S. Strawbridge, Atty. No. 29076-49
>KRIEG DeVAULT LLP
>One Indiana Square, Suite 2800
>Indianapolis, Indiana 46204-2079
>Telephone: (317) 636-4341
>Fax: (317) 636-1507
>nfunk@kdlegal.com
>lgoodknight@kdlegal.com
>bstrawbridge@kdlegal.com

## II. Synopsis of Case

The parties shall each file their respective Case Contentions, summarizing their respective positions in the case, on or before June 28, 2013.

## III. Pretrial Pleadings and Disclosures

A. Due to the unique procedural nature of this case and the expedited schedule, the parties are not required to serve Fed. R. Civ. P. 26 initial disclosures.

B. The parties shall file and serve their preliminary witness and exhibit lists on or before **June 28, 2013**. The parties shall be under a continuing duty to supplement such lists on a timely basis as they become aware of any additional witnesses and exhibits.

C. As set forth in Defendant's Notice Of Automatic Initial Enlargement Of Time To Respond To Amended Complaint Following Removal filed on June 5, 2013 (Doc. 14), Defendant shall file its answer or other response to Plaintiffs' Amended Complaint on or before **July 3, 2013**.

D. While the parties do not anticipate presenting experts to the Court at the trial/hearing in this matter at this time, the parties shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **July 26, 2013**.

E. The parties shall file and serve their final witness and exhibit lists on or before **August 30, 2013**.

F. The parties shall submit Pre-Trial/Hearing Briefs **fifteen (15) days** prior to the trial/hearing in this cause, which shall not exceed twenty-five (25) pages in length, exclusive of exhibits, without leave of Court.

**IV.     Discovery and Dispositive Motions**

      A.     Dispositive motions are not contemplated and shall not be submitted without leave of Court.

      B.     All written discovery requests shall be served on or before **June 28, 2013**.

      C.     All written discovery responses shall be served, along with appropriate responsive document productions, within the time required by the Federal Rules of Civil Procedure.

      D.     In no event shall discovery, including depositions and discovery responses, extend beyond **September 15, 2013**, without leave of Court.

      E.     The parties do not anticipate electronically stored information ("ESI") being a significant concern in this case; however, the parties shall take all reasonable and appropriate measures, as dictated by the Federal Rules of Civil Procedure and case law progeny, to protect for and maintain the metadata contained within ESI.  Further, when reasonably practicable, responsive documents exchanged in this matter shall be maintained and produced in their native format.

      F.     Given the accelerated discovery schedule in this matter, counsel for the parties shall cooperate with one another in the scheduling of depositions to enable discovery to be completed in accordance with the timetable provided for in this Case Management Plan.

**V.      Pre-Trial/Settlement Conferences**

      As has been relayed to the Court in the June 10, 2013 telephonic hearing and discussed amongst the parties, the parties do not anticipate mediation or an informal settlement conference as being likely to result in resolution of the contested issues and do not, accordingly, request the scheduling of such conferences.

**VI.     Trial Date**

      The parties request a trial/hearing date in October 2013.  The trial/hearing is to be tried to the Court and is anticipated to take **three (3) days**.

      The Court sets this matter for a trial/hearing to be held on _____.

      The Court further sets this matter for a Final Pre-Trial/Hearing Conference to be held on _____.

**VII.** **Referral to Magistrate Judge**

At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for further proceedings including trial.

**VIII.** **Other Matters**

A. The parties stipulate and consent to the trial/hearing in this cause being consolidated as both a trial on Plaintiffs' Complaint for Declaratory Judgment (Doc. 1-1) and a hearing on Plaintiffs' Motion for Temporary Restraining Order wherein injunctive relief was requested in the form of a "temporary restraining order and/or preliminary injunction" (Doc. 11) to determine the validity and force of the License Agreement at the core of this dispute.

B. Subject to appropriate objections as to relevance, admissibility, or other evidentiary issues, any deposition transcript and/or exhibit may be used in the trial/hearing in this matter.

C. The parties shall number deposition exhibits sequentially (*i.e.*, 1, 2, 3, etc.) notwithstanding which party is presenting the exhibit at a deposition, and the numbering shall carry over from such depositions to the trial/hearing in this cause.

D. The parties shall designate and counter-designate any deposition testimony that will be offered into evidence at the trial/hearing in compliance with the usual requirements of the Court for such matters, which designations shall be made at least **ten (10) days** prior to the final pretrial conference.

Respectfully submitted,

/s/ Norman T. Funk
Norman T. Funk, Atty. No. 7021-49
Libby Y. Goodknight, Atty. No. 20880-49
Bryan S. Strawbridge, Atty. No. 29076-49
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, Indiana 46204-2079
Telephone: (317) 636-4341
Fax: (317) 636-1507
nfunk@kdlegal.com
lgoodknight@kdlegal.com
bstrawbridge@kdlegal.com

*Counsel for Defendant*
*Melania Marks Skincare, LLC*

/s/  Kevin C. Tyra
Kevin C. Tyra, Atty. No.  11883-49
Jerry M. Padgett, Atty. No.  27282-49
THE TYRA LAW FIRM, P.C.
334 N. Senate Avenue
Indianapolis, IN 46204
Telephone:  (317) 636-1304
Fax:  (317) 636-1343
kevin.tyra@tyralaw.net
jerry.padgett@tyralaw.net

*Counsel for Plaintiffs*
*Merchant Capital, LLC and New Sunshine, LLC*

_____    PARTIES APPEARED BY COUNSEL ON, FOR AN INITIAL PRETRIAL CONFERENCE.

_____    APPROVED AS SUBMITTED.

\_\_\_\_\_X\_\_\_\_\_    APPROVED AS AMENDED.

_____    APPROVED AS AMENDED PER SEPARATE ORDER.

_____    APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____    APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____    THIS MATTER IS SET FOR TRIAL BY _____ ON _____ . FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____AT _____ .M., ROOM _____ .

_____    A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M. COUNSEL SHALL APPEAR:

_____IN PERSON IN ROOM _____ ; OR

_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT ( \_\_\_ )_____ ; OR

_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT ( \_\_\_\_ ) _____ ; OR

\_\_\_\_\_X_____    DISPOSITIVE MOTIONS ARE NOT ANTICIPATED.

\_\_\_\_\_X_____    ALL DISCOVERY SHALL BE COMPLETED BY SEPTEMBER 15, 2013.

6

If the required conference under LR 37-1 does not resolve discovery issues that may arise, **and if the dispute does not involve a claim of privilege,** the parties are ordered *jointly* to request a phone status conference before filing any motion to compel or for protective order.  **If the dispute has arisen because a party has failed to timely respond to discovery, the party that served the discovery may proceed with a motion to compel without seeking a conference.  Any contacts with the court to request a discovery conference must be made jointly by counsel, absent compelling circumstances.**

When filing a non-dispositive motion, the movant shall contact counsel for the opposing party and solicit opposing counsel's agreement to the motion.  The movant shall indicate opposing counsel's consent or objection in the motion.

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

_____06/18/2013_____
Date

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system