IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MERCHANT CAPITAL, LLC, and | ) | |
| NEW SUNSHINE, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:13-cv-0873-JMS-DML |
| | ) | |
| MELANIA MARKS SKINCARE, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND COUNTERCLAIMS OF
## MELANIA MARKS SKINCARE, LLC

COMES NOW Defendant, Melania Marks Skincare, LLC, and for its Answer to Plaintiffs' Amended Complaint, states as follows:

### PARTIES

1.     Defendant admits the material allegations set forth in rhetorical paragraph numbered 1.

2.     Defendant admits the material allegations set forth in rhetorical paragraph numbered 2.

3.     Defendant admits the material allegations set forth in rhetorical paragraph numbered 3.

### FACTUAL BACKGROUND

4.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations set forth in rhetorical paragraph numbered 4.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations set forth in rhetorical paragraph numbered 5.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations set forth in rhetorical paragraph numbered 6.

7.      In response to the material allegations set forth in rhetorical paragraph numbered 7, Defendant denies that Merchant Capital communicated to the Defendant that Merchant Capital had taken any such actions until after the License Agreement ("Agreement") which is the subject of this litigation was negotiated and executed between the parties to the Agreement and relied upon by the Defendant.  Defendant further denies that Merchant Capital disclosed or provided to the Defendant the documentation in Exhibit A until after the Agreement was negotiated and executed between the parties to the Agreement.  Defendant also denies that Exhibit A removes Mr. Hilbert from whatever positions he may have held on behalf of New Sunshine, LLC ("New Sunshine").  Except as herein denied, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining material allegations set forth in rhetorical paragraph numbered 7.

8.      In response to the material allegations set forth in rhetorical paragraph numbered 8, Defendant denies that Merchant Capital disclosed to the Defendant that Merchant Capital had taken any such actions until after the Agreement was negotiated and executed between the parties to the Agreement and relied upon by the Defendant.  Defendant further denies that Merchant Capital disclosed or provided to the Defendant the documentation in Exhibit B until after the Agreement was negotiated and executed between the parties to the Agreement. Defendant also denies that Exhibit B removes Mr. Hilbert from whatever positions he may have held on behalf of New Sunshine.  Except as herein denied, Defendant is without knowledge or

2

information sufficient to form a belief as to the truth of the remaining material allegations set forth in rhetorical paragraph numbered 8.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations set forth in rhetorical paragraph numbered 9.

10.      In response to the material allegations set forth in rhetorical paragraph numbered 10, Defendant admits that such lawsuit was filed and where it was filed.  The Defendant does not know why such lawsuit was filed, and denies that it had any knowledge that such lawsuit had been filed or was in existence before the parties signed the Agreement.

11.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations set forth in rhetorical paragraph numbered 11.

12.      In response to the material allegations set forth in rhetorical paragraph numbered 12, Defendant admits that the Circuit Court of Eau Claire County, Wisconsin, entered such Order on March 13, 2013, but denies that Defendant had any knowledge or information concerning the issuance or existence of such Order before or when the parties executed the Agreement. Defendant also denies that such Order enjoins or prohibits Mr. Hilbert from acting on behalf of New Sunshine at the time the Agreement was executed by the parties to the Agreement on or about November 1, 2012.

13.      In response to the material allegations set forth in rhetorical paragraph numbered 13, Defendant admits that the Circuit Court of Eau Claire County, Wisconsin, entered such Order on March 13, 2013, but denies that Defendant had any knowledge or information concerning the issuance or existence of such Order before or when the parties executed the Agreement. Defendant also denies that such Order enjoins or prohibits Mr. Hilbert from acting on behalf of

New Sunshine at the time the Agreement was executed by the parties to the Agreement on or about November 1, 2012.

14.     In response to the material allegations set forth in rhetorical paragraph numbered 14, Defendant admits what the Order says, denies that the Defendant had any knowledge or information concerning the issuance or existence of such Order before or when the parties executed the Agreement, denies that such Order had turned over management of New Sunshine to Merchant Capital before or when the parties executed the Agreement, and is without knowledge or information sufficient to form a belief as to the truth of the remaining material allegations set forth therein.

15.     Defendant admits that on or about November 1, 2012, New Sunshine and Defendant entered into the Agreement, and that a true and accurate copy of the Agreement is attached to the Amended Complaint as Exhibit D.  Defendant admits what Exhibit D says.  Except as herein admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations in rhetorical paragraph numbered 15.

16.     Defendant admits that the Agreement was finally agreed upon after June 26, 2012, and that some of the negotiations concerning the Agreement occurred after said date.  Defendant denies that it had any knowledge or information concerning the removal of Mr. Hilbert, Managing Member I, and Managing Member II from positions of authority to conduct business on behalf of MH Fund I and MH Fund II.  Defendant denies that the letters dated June 4, 2012 and June 26 2012 were ever disclosed to Defendant before the Agreement was executed by the parties, and further denies that such letters make any reference to New Sunshine.

17.     Defendant admits that on or about March 13, 2013 Merchant Capital sent a letter to Melania Marks Skincare indicating that the License Agreement was void and unenforceable.

4

Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining material allegations set forth in said rhetorical paragraph.

18.     Defendant admits these allegations.

19.     Defendant admits that a claim for tortious interference against Merchant Capital was made in the arbitration, and that Merchant Capital is not a signatory to the Agreement. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining material allegations set forth in rhetorical paragraph 19.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations.

24.     Defendant denies these allegations.

<u>COUNT I – DECLARATORY RELIEF</u>

25.     Defendant incorporates by reference its responses to rhetorical paragraphs numbered 1 through 24 as if fully set forth herein.

26.     Defendant denies that it knew or should have known that Mr. Hilbert, Managing Member I, and Managing Member II were no longer in a position of authority with MH Fund I and MH Fund II, and denies that it knew that the Agreement would be or was unenforceable or grossly unfavorable to New Sunshine.  Defendant denies it breached the Agreement.  Except as

herein denied, Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations set forth in rhetorical paragraph numbered 26.

27.     Defendant denies that any of the relief requested should be granted.

28.     Defendant denies that a correct and accurate declaration of the rights of the parties to the Agreement will result in a determination of the entire controversy regarding the Agreement.

COUNT II – REQUEST FOR<br>INJUNCTIVE RELIEF

29.     Defendant incorporates by reference its responses to rhetorical paragraphs numbered 1 thought 28 as if fully set forth herein.

30.     Defendant admits these allegations.

31.     Defendant admits this allegation.

32.     Defendant denies that its attempts to enforce the Agreement by demanding arbitration provided for in the Agreement have been improper.

33.     Defendant denies these material allegations.

34.     Defendant admits these material allegations, which are contained in the Agreement which Plaintiffs ask this Court to declare void *ab initio*, invalid, and unenforceable.

35.     Defendant admits these allegations.

36.     Defendant denies these allegations.

37.     Defendant denies these allegations.

WHEREFORE, Defendant asks that the Court deny the requested injunctive relief, declare that the Agreement is valid and enforceable according to its terms, and declare that the issue of Defendant's damages against New Sunshine be determined in arbitration in New York according to the terms of the Agreement.

<u>AFFIRMATIVE DEFENSES</u>

For its separate, additional, and affirmative defenses, Defendant alleges and states:

38.     Eric Weber had the actual authority to sign the Agreement on New Sunshine's behalf and to bind New Sunshine to the terms of the Agreement.

39.     Eric Weber had the apparent authority to sign the Agreement on New Sunshine's behalf and to bind New Sunshine to the terms of the Agreement.

40.     Defendant reasonably relied upon the authority of New Sunshine to enter into the Agreement and Plaintiffs are estopped by their own conduct from disavowing the Agreement after its formation.

41.     Plaintiffs' allegations in rhetorical paragraph 20 fail to state claims on which relief may be granted.

42.     Plaintiffs' allegations in rhetorical paragraph 21 fail to state claims on which relief may be granted.

43.     Plaintiffs' allegations in rhetorical paragraph 22 fail to state claims on which relief may be granted.

44.     Plaintiffs' allegations in rhetorical paragraph 23 fail to state claims on which relief may be granted.

45.     The issue of Merchant Capital's tortious interference as alleged in rhetorical paragraph numbered 27 is not a matter for declaratory relief.

46.     Neither Merchant Capital nor New Sunshine ever provided the letters dated June 4, 2012 and June 26, 2012 to Defendant until after the Agreement was negotiated and signed. Defendant was not made aware of the information contained in those letters until after the

Agreement was negotiated and signed.  The letters also do not disclose any apparent limitations on New Sunshine's ability to enter into the Agreement.

47.    New Sunshine partially performed and ratified the Agreement.

WHEREFORE, Defendant asks that the Court deny the requested injunctive relief, declare that the Agreement is valid and enforceable according to its terms, and declare that the issue of Defendant's damages against New Sunshine be determined in arbitration in New York according to the terms of the Agreement.

DEFENDANT'S COUNTERCLAIMS
AGAINST NEW SUNSHINE, LLC.

48.    New Sunshine and the Defendant entered into the Agreement dated November 1, 2012, which is attached as Exhibit D to the Amended Complaint.

49.    New Sunshine breached the Agreement by refusing to perform its obligations in the Agreement.  As a result of New Sunshine's breach, Defendant has been damaged.

50.    The Agreement contains the following provision:

**ARBITRATION; CHOICE OF LAW; NO JURY**

This Agreement and the conduct of the Parties shall be governed, both as to interpretation and enforcement, by the laws of the State of New York without regard to any principles of conflicts of law.  The Parties agree that in connection with or with any matter arising out of this Agreement, either party may seek injunctive relief in any court having jurisdiction.  Except for the seeking of injunctive relief, any suit, action or proceeding seeking to enforce any provision of, or based on any matter arising out of or in connection with, or that relates or is associated with this Agreement or the transactions contemplated hereby shall be resolved by or submitted to arbitration, in New York, New York, determined under JAMS streamlined arbitration rules in effect as of the date hereof.  Judgment upon any decision rendered in any arbitration held pursuant to this Section 15 shall be final and binding upon the Parties, whether or not a judgment shall be entered in any court.  The arbitrators shall be bound by the provisions of this Agreement, and shall not add to, subtract from, or otherwise modify such provisions.  In connection with any such arbitration, the following rules shall apply:

. . .

51.     While the issue of whether the Agreement is a valid and enforceable contract between New Sunshine and Defendant is properly to be determined by this Court, the issues of whether either party to the Agreement has breached the Agreement and what, if any, damages have resulted from the breach are to be resolved in arbitration pursuant to Section 15 of the Agreement.

52.     For the foregoing reasons, Defendant's Counterclaims against New Sunshine for breach of the Agreement and damages cannot be asserted in this case and will be reserved and asserted, instead, in the arbitration provided for in Section 15 of the Agreement.

WHEREFORE, Defendant reserves its claims against New Sunshine for breach of the Agreement and damages, and will assert those claims in arbitration after the validity of the Agreement is affirmed in this action.

COUNTERCLAIMS AGAINST MERCHANT CAPITAL

53.     Defendant incorporates by reference as if fully set forth herein the material allegations set forth in rhetorical paragraph numbered 48 of Counterclaims against New Sunshine.

54.     The Agreement between New Sunshine and the Defendant is a valid and enforceable contract.

55.     Merchant Capital is not a party to the Agreement.

56.     With knowledge of the Agreement, Merchant Capital intentionally caused New Sunshine to breach the Agreement by repudiating the Agreement and preventing New Sunshine from performing the Agreement according to its terms.

57.    Merchant Capital was not justified in causing New Sunshine to breach the Agreement.

58.    Merchant Capital's motive in causing New Sunshine to breach the Agreement was an ongoing dispute concerning other issues between Merchant Capital and other persons and entities who were not parties to the Agreement.

59.    Merchant Capital interfered with New Sunshine's performance of the Agreement in order to advance its interests in other disputes between Merchant Capital and such other persons and entities who were not parties to the Agreement.

60.    Merchant Capital's interference with the Agreement has been direct and continuous, without which the Agreement would have been performed by its parties.

61.    Defendant has been damaged as a direct result of Merchant Capital's interference with the Agreement, and will continue to be damaged.

WHEREFORE, Defendant requests that the Court find that Merchant Capital has intentionally interfered with the Agreement, award appropriate damages to the Defendant as a result of such interference, and for all other proper relief.

Respectfully submitted,

s/ Norman T. Funk
Norman T. Funk, Attorney No. 7021-49
Libby Y. Goodknight, Attorney No. 20880-49
Bryan S. Strawbridge, Attorney No. 29076-49
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, Indiana 46204-2079
Telephone:  (317) 636-4341
Facsimile:  (317) 636-1507
nfunk@kdlegal.com
lgoodknight@kdlegal.com
bstrawbridge@kdlegal.com

*Counsel for Melania Marks Skincare, LLC*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 3, 2013, a copy of the foregoing **Answer of Melania Marks Skincare, LLC to Amended Complaint** was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Kevin C. Tyra
THE TYRA LAW FIRM, P.C.
kevin.tyra@tyralaw.net

Jerry M. Padgett
THE TYRA LAW FIRM, P.C.
jerry.padgett@tyralaw.net

s/ Norman T. Funk
Norman T. Funk

KD_5285578_1.DOCX

11