UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MERCHANT CAPITAL, LLC and NEW SUN-SHINE, LLC, )<br>    *Plaintiffs*, )<br>)<br>*vs.* )<br>)<br>MELANIA MARKS SKINCARE, LLC, )<br>    *Defendant*. ) | 1:13-cv-00873-JMS-DML |

**ORDER**

Presently pending before the Court is a Motion to Continue the Trial Date filed by Plaintiffs Merchant Capital, LLC ("Merchant Capital") and New Sunshine, LLC ("New Sunshine"). [Dkt. 61.] Defendant Melania Marks Skincare, LLC ("Melania Marks") opposes the motion. [Dkt. 64.]

Plaintiffs raise nine issues that they argue must be resolved before a trial in this matter takes place. The Court finds that, in light of the history of this case and the nature of many of the issues raised, none warrants a continuance of the trial date. Specifically, Plaintiffs filed a Motion for Temporary Restraining Order in this case on June 3, 2013, [dkt. 11], arguing that "action" by the Court was "required" by June 10, 2013 so that Plaintiffs would not be forced to "participate in an arbitration proceeding it contends is not legal," [dkt. 15 at 1-2]. After conferences with the Magistrate Judge, the parties agreed to stay the arbitration proceedings, [dkt. 20], but to proceed with the case on an expedited basis. Accordingly, on June 14, 2013 the parties submitted a Joint Case Management Plan which provided that all written discovery requests shall be served by June 28, 2013 and that all discovery shall be completed by September 15, 2013. [Dkts. 22; 24 at 3.] On September 27, 2013, the parties filed a Joint Motion to Amend Case Management Plan, in which they stated that the extensions they requested "will not delay the trial setting in this

case." [Dkt. 53 at 1.]  On September 30, 2013, the Court granted the motion and extended the discovery deadline to October 25, 2013.  [Dkt. 54.]  Most recently, the Magistrate Judge held a discovery conference on October 3, 2013, where Plaintiffs raised only one of the nine issues discussed in their Motion for Continuance.  [Dkt. 59.]

The history of this case indicates that Plaintiffs were advocating for an expedited schedule (at least before the parties agreed to stay the arbitration), agreed to such an expedited schedule, and were aware of the expedited schedule as early as June 14, 2013.  This timeline is important in light of the nine issues Plaintiffs now argue must be resolved in advance of trial.  The Court will address each issue in turn.

### Issue 1:  Responses to Amended Second Request for Production

Plaintiffs argue that they served their Amended Second Request for Production on Melania Marks on October 4, 2013, and that Melania Marks has not yet produced responsive documents so "without having the benefit of knowing just how many additional documents may be produced pursuant to the Second Request for Production, as well as when they may be received, Plaintiffs will in all likelihood not have sufficient time to review and analyze whatever documents are produced by Defendant prior to the trial in this matter."  [Dkt. 61 at 2.]  Melania Marks responds that it will produce responsive documents by the discovery cutoff date of October 25, 2013, that the scope of discoverable documents was addressed at the October 3, 2013 discovery conference, and that it believes "the number of documents which will be produced will be reasonably limited in number."  [Dkt. 64 at 4.]  Given that Melania Marks has not yet responded to the Amended Second Request for Production, and that it will do so within the discovery cutoff, there does not appear to be any outstanding issue relating to the responses.  Simply arguing that Melania Marks "may" produce voluminous documents which Plaintiffs "may" not

have time to review is not a reason to continue the trial. If necessary, any remaining issues regarding the scope of the Amended Second Request for Production will be addressed at a hearing to be scheduled by the Magistrate Judge.

### Issue 2:  Privilege Log Documents

Plaintiffs argue that Melania Marks has withheld certain documents identified on a privilege log, that Plaintiffs' counsel contacted Melania Mark's counsel regarding certain documents which were withheld, that Melania Marks still has not produced the withheld documents, and that the documents are relevant to the depositions of Steve and Tomisue Hilbert, which Plaintiffs have reserved the right to continue. [Dkt. 61 at 2-4.] Melania Marks argues that the documents in question were produced on October 14, 2013 – after the Motion to Continue the Trial Date was filed – and so the issue has been resolved. [Dkt. 64 at 4.] Melania Marks further explains that the documents produced on October 14 should not have any bearing on the completion of the Hilberts' depositions and, in any event, Mr. Hilbert was not questioned about the withheld documents. [Dkt. 64 at 4.]  To the extent issues remain regarding the documents, those issues will be addressed at a hearing to be scheduled by the Magistrate Judge.

### Issue 3:  Karen Pasternack's Deposition

This issue appears to be resolved, as Ms. Pasternack's deposition is scheduled for October 23, 2013.

### Issue 4:  Aimee Preston's Deposition

Plaintiffs argue that Melania Marks has not responded to their request to depose Aimee Preston. [Dkt. 61 at 4-5.] Melania Marks responds that its counsel only recently learned of this request, and that it no longer employs Ms. Preston so has no control over her. [Dkt. 64 at 5.] Plaintiffs have known of the discovery deadline since mid-June. The fact that they are now hav-

ing trouble locating Ms. Preston and scheduling her deposition does not warrant continuing the trial.

### Issue 5: Donald Trump's Deposition

Plaintiffs state that the parties have agreed to submit their joint status report to the Court to address their arguments regarding Donald Trump's deposition and that, assuming the Court allows the deposition to go forward, "his availability for a deposition within the current discovery deadline period still remains uncertain." [Dkt. 61 at 5.] Melania Marks argues that multiple witnesses have testified that Mr. Trump had no involvement in negotiating or performing the transaction at issue. [Dkt. 64 at 5.] Plaintiffs' request for an order permitting them to depose Mr. Trump is contained in their Status Report Regarding Depositions. [Dkt. 60.] The Magistrate Judge will hold a hearing on this issue if necessary. In the meantime, this issue does not warrant continuance of the trial date.

### Issue 6: Jonathan Gross' and Melania Trump's Depositions

Plaintiffs assert that they "intend to seek leave from the Court to order further deposition testimony from [Jonathan] Gross, who was deposed on September 9, 2013…" related to his invocation of the attorney-client privilege, but that Plaintiffs cannot obtain the transcript of Mr. Gross's deposition because the court reporting service it used will not provide an invoice, and so cannot file a motion relating to the deposition. [Dkt. 61 at 5-6.] Plaintiffs also argue that they "intend to seek leave from the Court to compel further deposition testimony from Melania Trump, who was deposed…on September 11, 2013…," but have waited to do so because they wanted to address the issue in the same motion as the Gross deposition issue. [*Id.* at 6.] Putting aside the issue of whether further deposition testimony from Mr. Gross or Ms. Trump is warranted, the Court notes that Plaintiffs have had over a month to file a motion relating to the deposi-

tions and have not done so.  The Court will not continue the trial based on motions Plaintiffs "intend" to file but have not, and that could have been filed weeks ago.  Nor will it delay the trial based on Plaintiffs' issues with obtaining a deposition transcript from a private court reporting service.  Again, Plaintiffs have known about the discovery schedule and the trial date for several months.  Their delay in seeking resolution of these issues is not cause for continuing the trial.

### Issue 7:  Real Estate Transaction

Plaintiffs argue that they "have recently learned of a real estate transaction between Steve and/or Tomisue Hilbert and Donald Trump," which they argue was not divulged during Melania Trump's deposition.  [Dkt. 61 at 6-8.]  Melania Marks asserts that Ms. Trump was not asked about that transaction during her deposition, [dkt. 64 at 7], and the Court's review of portions of the deposition transcript submitted by Melania Marks confirms that.  The Court finds that Plaintiffs' desire to question Ms. Trump regarding this issue is not a valid reason for continuing the trial.

### Issue 8:  Mr. Hilbert's Anticipated Motion for a Protective Order

Plaintiffs argue that Mr. Hilbert's counsel stated at Mr. Hilbert's deposition that he intended to file a motion for a protective order regarding certain deposition testimony, and that the motion will likely not be filed for another week and Plaintiffs will then need to respond to the motion, wait for a ruling, and reconvene Mr. Hilbert's deposition should the Court deny the motion.  [Dkt. 61 at 8.] Melania Marks asserts that Plaintiffs waited until October 9, 2013 to depose Mr. Hilbert, and that any issue regarding a protective order is a matter between Plaintiffs and Mr. Hilbert and should not affect the trial date.  [Dkt. 64 at 8.]  Whatever the reason for the delay in scheduling Mr. Hilbert's deposition, Plaintiffs have known about the discovery deadline for months and agreed to an expedited schedule for this case.  Additionally, the Court will not con-

tinue the trial based on a yet-to-be filed motion that relates to a matter between Plaintiffs and a non-party.

### Issue 9: The Hilberts' Depositions

Plaintiffs also vaguely argue that "there are several other issues the Court will need to address" relating to questions the Hilberts were instructed by their counsel not to answer during their depositions. [Dkt. 61 at 8-9.] Plaintiffs state that they will be filing a motion to compel further deposition testimony, but need to wait to obtain the deposition transcripts and "will also then need adequate time" to prepare their motion. [*Id.* at 9.] Again, Plaintiffs were aware of, and agreed to, the expedited schedule. These "other issues" do not warrant continuing the trial date.

**In sum, the Court finds that the issues Plaintiffs raise in their motion do not warrant a continuance of the trial date. Accordingly, the Court DENIES Plaintiffs' Motion to Continue the Trial Date, [dkt. 61], and this matter will proceed to trial as scheduled on November 12, 2013. The parties are reminded to comply with the deadlines set forth in the Court's October 9, 2013 Order.**

10/17/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Norman T. Funk
KRIEG DEVAULT LLP
nfunk@kdlegal.com

Libby Yin Goodknight
KRIEG DEVAULT LLP
lgoodknight@kdlegal.com

Jeremy Michael Padgett
TYRA LAW FIRM P.C.
jerry.padgett@tyralaw.net

Bryan S. Strawbridge
KRIEG DEVAULT LLP
bstrawbridge@kdlegal.com

Kevin C. Tyra
THE TYRA LAW FIRM, P.C.
kevin.tyra@tyralaw.net