IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MERCHANT CAPITAL, LLC, and <br> NEW SUNSHINE, LLC <br> <br>     Plaintiffs and <br>     Counterclaim Defendants, <br> <br>     v. <br> <br> MELANIA MARKS SKINCARE, LLC <br> <br>     Defendant and <br>     Counterclaim Plaintiff. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    CASE NO. 1:13-cv-0873-JMS-DML <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANT'S RESPONSE TO PLAINTIFFS' PRE-TRIAL EVIDENTIARY MOTION

Plaintiffs' Pre-Trial Evidentiary Motion [Document 73] is unnecessary. It essentially is a motion in limine. In the Court's Order entered October 9, 2013 [Document 58], the Court advised counsel that "the Court does not anticipate motions in limine should be necessary" given that this is a bench trial. Because it has been filed, however, Defendant respectfully submits this response.

**ISSUE ONE:** <u>New Sunshine's Termination of the License Agreement</u>. The distinction Plaintiffs make between terminating the Agreement on the one hand and declaring it void and unenforceable on the other is insubstantial. Under whatever label Plaintiffs wish to use to describe what they have done, New Sunshine has materially failed and refused to perform the Agreement, including refusing to pay the Defendant the license fees to which the Defendant is entitled. Before suit was filed, Merchant Capital unilaterally informed the Defendant that the Agreement was void and unenforceable. New Sunshine then failed and refused to perform its

terms. Merchant Capital demanded that the Defendant renegotiate the Agreement on terms more favorable to New Sunshine, blatantly repudiating the Agreement as signed. Plaintiffs then filed this lawsuit, asking this Court to declare the Agreement void *ab initio* – as if it never existed – and void and unenforceable. Defendant believes that "termination" of the Agreement by Plaintiff accurately describes what has occurred. If the Court believes that Merchant Capital's unilateral declaration that the Agreement is void and unenforceable, coupled with New Sunshine's non-performance of its terms, better describe what has occurred, then of course at trial the Defendant will describe the situation however the Court instructs.

**ISSUE TWO:** <u>Testimony of Mr. and Mrs. Hilbert Concerning Sexual Propositioning by Mr. Menard</u>. Plaintiffs' Motion in Limine asks the Court to exclude any testimony, comments or argument concerning alleged sexual propositioning of Mrs. Hilbert by Mr. Menard. The testimony of which Plaintiffs complain was elicited by Plaintiffs' questioning of Mr. and Mrs. Hilbert during their discovery depositions. The testimony of which Plaintiffs complain was not elicited by the Defendant. Defendant's counsel has no intention of asking questions or making comment at trial concerning such matters, nor arguing that they occurred. Those matters may well be relevant in other related litigation between the alleged transgressor and the victim, but they are not relevant here.

For the foregoing reasons, Defendant respectfully requests that Plaintiffs' Pre-Trial Evidentiary Motion be denied, as unnecessary.

Respectfully submitted,

s/ Norman T. Funk
Norman T. Funk, Attorney No. 7021-49
Libby Y. Goodknight, Attorney No. 20880-49
Bryan S. Strawbridge, Attorney No. 29076-49
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, Indiana 46204-2079
Telephone:  (317) 636-4341
Facsimile:  (317) 636-1507
nfunk@kdlegal.com
lgoodknight@kdlegal.com
bstrawbridge@kdlegal.com

*Counsel for Melania Marks Skincare, LLC*

CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2013, a copy of the foregoing **Defendant's Response to Plaintiffs' Pre-Trial Evidentiary Motion** was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Kevin C. Tyra
THE TYRA LAW FIRM, P.C.
kevin.tyra@tyralaw.net

Jerry M. Padgett
THE TYRA LAW FIRM, P.C.
jerry.padgett@tyralaw.net

Martin T. Tully
KATTEN MUCHIN ROSENMAN LLP
martin.tully@kattenlaw.com

s/ Norman T. Funk
Norman T. Funk

KD_5735569_1.DOCX