IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MERCHANT CAPITAL, LLC, and<br>NEW SUNSHINE, LLC<br><br>    Plaintiffs and<br>    Counterclaim Defendants,<br><br>v.<br><br>MELANIA MARKS SKINCARE, LLC<br><br>    Defendant and<br>    Counterclaim Plaintiff. | CASE NO. 1:13-cv-0873-JMS-DML |

### BENCH BRIEF OF MELANIA MARKS SKINCARE, LLC ON THE ABSENCE OF JUSTIFICATION AS AN ELEMENT OF TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIP

Melania Marks Skincare, LLC ("Melania Marks"), by counsel, and pursuant to the Court's request at trial on November 14, 2013, presents the following Bench Brief on the absence of justification as an element of tortious interference with contractual relationship.

"The absence of justification is established by showing that the interferer acted intentionally, without a legitimate business purpose, and the breach is malicious and exclusively directed to the injury and damage of another." *Haegert v. McMullan*, 953 N.E.2d 1223, 1234-35 (Ind. Ct. App. 2011) (internal quotations and citation omitted). Justifiability of conduct involves consideration of the following factors:

(a) the nature of the defendant's conduct;
(b) the defendant's motive;
(c) the interests of the plaintiff with which the defendant's conduct interferes;
(d) the interests sought to be advanced by the defendant;
(e) the social interests in protecting the freedom of action of the defendant and the contractual interests of the plaintiff;

    (f)  the proximity or remoteness of the defendant's conduct to the interference; and

    (g)  the relations between the parties.

*Bilimoria Computer Systs., LLC v. America Online, Inc.*, 829 N.E.2d 150, 156 (Ind. Ct. App. 2005). "The weight to be given each consideration may differ from case to case, *but the overriding question is whether the defendant's conduct has been fair and reasonable under the circumstances.*" *Id.* (emphasis added). The existence of a legitimate reason for the defendant's actions provides the necessary justification to avoid liability. *Id.* at 157.

  Here, the justifiability factors weigh heavily in favor of Melania Marks and show the absence of justification to support a claim for tortious interference against Merchant Capital, LLC ("Merchant Capital"). The evidence presented at trial as it relates to each of the justifiability factors can be summarized as follows:

> **Nature of Merchant Capital's Conduct**: Merchant Capital declared the License Agreement to be void and unenforceable more than four months after it was executed and well after both New Sunshine, LLC ("New Sunshine") and Melania Marks had been performing under it.
>
> **Merchant Capital's Motive**: New Sunshine's witnesses universally have testified that they declared the License Agreement void and unenforceable so that they could force Melania Marks to renegotiate the deal on terms different than what had been agreed to in the contract (and under which New Sunshine and Melania Marks had been performing for over four months). Merchant Capital was also motivated by its (and its wholly-owned parent Menard, Inc.'s) dispute with Steve Hilbert and desire to improve their position in the Wisconsin litigation against Mr. Hilbert, none of which has anything to do with Melania Marks.
>
> **Melania Marks' Interests with which Merchant Capital's Conduct Interferes**: Melania Marks has an interest in seeing that it's contract is enforced and New Sunshine abides by its terms (or pays for its breach). In fact, the very tort of tortious interference with contract "reflects the public policy that contract rights are property" and that parties are entitled to enforcement and

> protection of those property rights. *See Bilimoria*, 829 N.E.2d at 156.
>
> **The Interests Sought to Be Advanced By Merchant Capital**: Greed; money different than what New Sunshine agreed to under the License Agreement. However, wanting to renegotiate a contract to make more money (or even as New Sunshine's witnesses have put it, to lose less money) than what the contract called for is not a legitimate business reason that establishes the necessary justification. *See id.* at 157.
>
> **Any Social Interests in Protecting Merchant Capital's Conduct Compared To the Contractual Interests Of Melania Marks**: There is no comparison as to these interests. There are no social interests advanced if Merchant Capital is allowed to declare the License Agreement void and unenforceable merely because it wants to renegotiate the contract terms for more money or has some ulterior motive to advance its position in the Wisconsin litigation. On the contrary, social interests will be disserved if companies are allowed to, with 20-20 hindsight or regret, declare an agreement void and unenforceable in an effort to strike a better deal for one of the parties. This would undermine contract law completely. As set forth above, public policy recognizes that contract rights are property worthy of protection. *See id*. at 156.
>
> **Proximity of Merchant Capital's Conduct to the Interference**: There was direct proximity. Merchant Capital's letter of March 13, 2013 declared the License Agreement void and unenforceable.

In short, Merchant Capital acted intentionally and maliciously, without a legitimate business purpose, and the resulting breach of the License Agreement was directed to the injury and damage of Melania Marks. *See Haegert*, 953 N.E.2d at 1234-35. The answer to the overriding question of whether Merchant Capital's conduct was fair and reasonable under the circumstances is "No." *See Bilimoria*, 829 N.E.2d at 156.

Respectfully submitted,

/s/ Libby Y. Goodknight
Norman T. Funk, Attorney No. 7021-49
Libby Y. Goodknight, Attorney No. 20880-49
Bryan S. Strawbridge, Attorney No. 29076-49
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, Indiana 46204-2079
Telephone:  (317) 636-4341
Facsimile:  (317) 636-1507
nfunk@kdlegal.com
lgoodknight@kdlegal.com
bstrawbridge@kdlegal.com

*Counsel for Melania Marks Skincare, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2013, a copy of the foregoing **Bench Brief of Melania Marks Skincare, LLC** was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Kevin C. Tyra
THE TYRA LAW FIRM, P.C.
kevin.tyra@tyralaw.net

Jerry M. Padgett
THE TYRA LAW FIRM, P.C.
jerry.padgett@tyralaw.net

Martin T. Tully
KATTEN MUCHIN ROSENMAN LLP
martin.tully@kattenlaw.com

/s/ Libby Y. Goodknight
Libby Y. Goodknight

KD_5797037_1.DOCX