UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MERCHANT CAPITAL, LLC and <br> NEW SUNSHINE, LLC, <br><br> Plaintiffs / Counter-claim <br> Defendants, <br><br> v. <br><br> MELANIA MARKS SKINCARE, LLC, <br><br> Defendant / Counter-claim <br> Plaintiff. | CAUSE NO.: 1:13-cv-00873-JMS-DML |

**PLAINTIFFS' CITATION OF CASE LAW REGARDING JUSTIFICATION**

The five elements necessary for recovery for tortious interference with a contractual relationship are: (1) the existence of a valid and enforceable contract; (2) defendant's knowledge of the existence of the contract; (3) defendant's intentional inducement of breach of the contract; (4) the absence of justification; and (5) damages resulting from defendant's wrongful inducement of the breach.  Bilimoria Computer Sys., LLC v. Am. Online, Inc., 829 N.E.2d 150, 156 (Ind. Ct. App. 2005).

"All of the elements must be shown to establish this tort." Melton v. Ousley, 925 N.E.2d 430, 440 (Ind. Ct. App. 2010).

The Court in Bilimoria Computer Sys. also stated that the "[j]ustifiability of conduct involves consideration of the following factors:

(a) the nature of the defendant's conduct;

(b) the defendant's motive;

  (c) the interests of the plaintiff with which the defendant's conduct interferes;

  (d) the interests sought to be advanced by the defendant;

  (e) the social interests in protecting the freedom of action of the defendant and the contractual interests of the plaintiff;

  (f) the proximity or remoteness of the defendant's conduct to the interference; and

  (g) the relations between the parties."

Bilimoria Computer Sys., 829 N.E.2d at 156. Further, "[t]he weight to be given each consideration may differ from case to case, but the overriding question is whether the defendant's conduct has been fair and reasonable under the circumstances." Id.

  A plaintiff cannot just allege that the defendant's conduct was unjustified. Rather, the "plaintiff must set forth factual allegations from which it can reasonably be inferred that the defendant's conduct was unjustified." Morgan Asset Holding Corp. v. CoBank, ACB, 736 N.E.2d 1268, 1272 (Ind. Ct. App 2000) (internal citations omitted). In order to satisfy the element of lack of justification, "the breach must be malicious and exclusively directed to the injury and damage of another.'" Id.

  Additionally, "[w]hether the defendant harbored actual ill will toward the plaintiff is irrelevant for the purposes of determining whether a defendant committed tortious interference. We also note that a plaintiff must prove the absence of justification by establishing that 'the interferer acted intentionally, without a legitimate business purpose, and the breach is malicious and exclusively directed to the injury and damage of another." Bragg v. City of Muncie, 930 N.E.2d 1144, 1147-48 (Ind. Ct. App. 2010); *see also* Flintridge Station Associates v. American Fletcher Mortgage Co.*,* 761 F.2d 434, 441 (7th Cir.1985) (defining unjustified as "disinterested

malevolence"; "a malicious [conduct] unmixed with any other and exclusively directed to injury and damage of another").

Finally, an action for tortious interference with a contractual relationship cannot be maintained without the existence of a valid and enforceable contract. *See, e.g.* Nikish Software Corp. v. Manatron, Inc., 801 F. Supp. 2d 791, 797 (S.D. Ind. 2011).

Respectfully submitted,

/s/Jerry M. Padgett_____
Jerry M. Padgett, #27282-49
One of the Attorneys for Plaintiffs,
*Merchant Capital, LLC and New Sunshine, LLC*

Kevin C. Tyra, #11883-49
Jerry M. Padgett, #27282-49
THE TYRA LAW FIRM, P.C.
355 Indiana Ave.
Indianapolis, IN  46204
Telephone: (317) 636-1304
Facsimile:  (317) 636-1343

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of November, 2013, a true and complete copy of the foregoing document was served upon all parties via hand delivery.

Norman T. Funk
Libby Y. Goodknight
Bryan S. Strawbridge
KRIEG DEVAULT, LLP
One Indiana Square
Suite 2800
Indianapolis, IN 46204

/s/ Jerry M. Padgett_____
Jerry M. Padgett

3