IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MERCHANT CAPITAL, LLC, and <br> NEW SUNSHINE, LLC, <br><br> Plaintiffs and <br> Counterclaim Defendants, <br><br> v. <br><br> MELANIA MARKS SKINCARE, LLC, <br><br> Defendant and <br> Counterclaim Plaintiff. | CASE NO. 1:13-cv-0873-JMS-DML |

### MELANIA MARKS SKINCARE, LLC'S RESPONSE IN OPPOSITION TO MERCHANT CAPITAL, LLC'S MOTION TO RECONSIDER

Melania Marks Skincare, LLC ("Melania Marks"), by counsel, respectfully submits this Response in Opposition to Merchant Capital, LLC's ("Merchant Capital") Motion to Reconsider. [Dkt. 96.]

### INTRODUCTION

Motions to reconsider are rarely appropriate and granted only under the most extraordinary of circumstances. Merchant Capital has failed to meet its burden in demonstrating that such extraordinary circumstances exist here. They do not.

In an effort to justify reconsideration, Merchant Capital argues that this Court based its Findings of Facts and Conclusions of Law (sometimes, "Order" [Dkt. 94]) on a non-adversarial issue related to Merchant Capital's alleged status as the replacement manager of New Sunshine, LLC ("New Sunshine"). Specifically, Merchant Capital claims that this Court's decision on tortious interference should be revisited in light of additional evidence – an Affidavit from James

Anderson and various emails and documents – proffered for the first time with its Motion to Reconsider.  Merchant Capital's attempt to reopen the record and revive the Plaintiffs' case-in-chief is without merit.

Merchant Capital fails to acknowledge that Plaintiffs, not Melania Marks, injected the issue of Merchant Capital's purported role as New Sunshine's replacement manager into the case.  This became an issue when Plaintiffs requested a declaration in their Amended Complaint that "Merchant Capital did not tortiously interfere with the License Agreement because, among other things, it acted within its rights as the manager of New Sunshine[.]"  [Dkt. 1-1, ¶ 27.]  This was an allegation on which Plaintiffs, not Melania Marks, carried the burden of proof.  Accordingly, the Court's determination that Merchant Capital acted as an outside third-party independent of New Sunshine is well within the scope of the adversarial issues presented by the parties.

The evidence that Merchant Capital submits with its Motion to Reconsider also is inappropriate.  It is not "new" evidence.  Mr. Anderson was a trial witness for the Plaintiffs.  The testimony contained in Mr. Anderson's Affidavit, as well as the related exhibits, all could have been offered into evidence at trial.  The belated offer of such evidence after trial should not be permitted.

For all these reasons, this Court should deny Merchant Capital's Motion to Reconsider.

## ARGUMENT

### I. Motions To Reconsider Are Rarely Appropriate And Granted Only When There Are Extraordinary Circumstances.

"This Court's orders are not 'mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'"  *Dennerline v. Pronational Ins. Co.*, No. 1:05-cv-4564-LJM-WTL, 2006 WL 1344059, at *1 (S.D. Ind. May 16, 2006) (quoting *Quaker Alloy Casting Co. v. Gulfco*

*Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1985)). "Thus, motions to reconsider are rarely appropriate and should be presented only when the law or facts change significantly after the issue is presented to the Court, the Court has 'patently misunderstood a party,' has 'made a decision outside the adversarial issues presented' to it, or has 'made an error not of reasoning but of apprehension.'" *Dennerline*, 2006 WL 1344059, at *1 (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). "Such problems rarely arise" and represent "extraordinary circumstances." *Bank of Waunakee*, 906 F.2d at 1191 (citation omitted); *Lock Realty Corp. IX v. U.S. Health, LP*, No. 3:06-CV-487 RM, 2010 WL 148296, at *1 (N.D. Ind. Jan. 13, 2010). *See also In re August, 1993 Regular Grand Jury (Medical Corp. Subpoena I)*, 854 F. Supp. 1403, 1407 (S.D. Ind. 1994) (instructing that "while a court can always take a second look at a prior decision, . . . it need not and should not do so in the vast majority of instances").

"A motion to reconsider, if entertained by the court, should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Atchley v. Heritage Cable Vision Associates*, 926 F. Supp. 1381, 1383 (N.D. Ind. 1996), *aff'd*, 101 F.3d 495 (7th Cir. 1996). Evidence is not "new" if it could have been offered the first time the movant was before the Court, and the movant may not advance legal theories that – although they were available – it declined or neglected to raise in the first instance. *FDIC v. Fidelity and Deposit Co. of Maryland*, No. 3:11-cv-19-RLY-WGH, 2013 WL 5938149, at *2 (S.D. Ind. Nov. 6, 2013). *See also Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir.1996) (noting that party seeking reconsideration cannot introduce new evidence or legal theories that could have been presented earlier or simply rehash previously rejected arguments). Disposition of a motion for reconsideration is left to the discretion of the district court, and its

ruling will not be reversed absent an abuse of that discretion. *Id.* at 1270. Applying these standards, Merchant Capital's Motion to Reconsider should be denied.

## II. The Entire Premise For Merchant Capital's Motion To Reconsider – That This Court Decided A Non-Adversarial Issue – Is Contrary To The Facts And Procedural History Of This Case.

As set forth above, a motion to reconsider is warranted only when the law or facts change significantly after the issue is presented to the Court, the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to it, or has made an error not of reasoning but of apprehension. Merchant Capital tries to invoke only one of these extraordinary circumstances: a decision outside the adversarial issues. Merchant Capital's Motion to Reconsider stems from the unfounded assertions that Merchant Capital's alleged role as the replacement manager of New Sunshine was never an issue, was never disputed by Melania Marks, and was raised by the Court *sua sponte* in its Order. [Dkt. 96, pp. 1-3, 4-6.] Merchant Capital's characterization of its purported managerial status as an "extraneous", "non-adversarial issue", however, is contrary to the record. [Dkt. 96, p. 5.] Its effort to redirect to Melania Marks the obligation to question how Merchant Capital became the manager of New Sunshine further ignores the procedural posture in which this case was presented to the Court.

Plaintiffs, not Melania Marks, first claimed that Merchant Capital was "the manager of New Sunshine" when Merchant Capital sent the March 13, 2013 letter to Melania Marks declaring the License Agreement void and unenforceable. [Dkt. 1-1, ¶ 17.] In that initial pleading, Plaintiffs sought a declaration that "Merchant Capital did not tortiously interfere with the License Agreement because, among other things, it acted within its rights as the manager of New Sunshine[.]" [Dkt. 1-1, ¶ 27.] Melania Marks denied this allegation in its Answer to Plaintiffs' Amended Complaint. [Dkt. 36, ¶ 27.] Melania Marks admitted only that Merchant

4

Capital had sent the letter indicating that the License Agreement was void and unenforceable, not that Merchant Capital was properly acting as the manager of New Sunshine. [Dkt. 36, ¶¶ 17, 27.] Melania Marks' Counterclaim for tortious interference against Merchant Capital simply mirrored what Plaintiffs had preemptively raised in their own declaratory judgment action against Melania Marks. [Dkt. 36, ¶¶ 55-57.] Therefore, the issue of Merchant Capital's purported status as New Sunshine's replacement manager was injected into the case by Plaintiffs' own allegations, and from the inception of the litigation.

Plaintiffs' Trial Brief also contained multiple references to Merchant Capital "as the acting manager of New Sunshine[.]" [Dkt. 81, Findings of Fact, ¶¶ 37-38.] In their Case Contentions and Trial Brief, Plaintiffs once again maintained that "Merchant Capital, LLC did not tortiously interfere with the License Agreement because, among other things, it acted within its rights as the manager of New Sunshine, LLC when it informed Melania Marks Skincare, LLC that the License Agreement is void and unenforceable."[1] [Dkt. 30, ¶ 8; Dkt. 81, Conclusions of Law, ¶ 9.] In its competing Trial Brief, Melania Marks described Plaintiffs' claim for declaratory relief on the matter of tortious interference as follows: "Plaintiffs request that the Court determine that Merchant Capital did not tortiously interfere with the Agreement because . . . Merchant Capital allegedly acted within its rights as New Sunshine's manager[.]" [Dkt. 80, Findings of Fact, ¶ 4.] Plaintiffs never denied Melania Marks' description of their request for declaratory relief.

Moreover, Melania Marks placed Plaintiffs on notice that Merchant Capital's purported role as the replacement manager of New Sunshine was questionable and would be an issue at trial. As Melania Marks explained in its Trial Brief:

---

[1] The Court quoted Plaintiffs' exact argument in its Order. [Dkt. 94, p. 27.]

> 43. . . . [Rodney] Smith, who recommended that the letter informing Melania Marks that the Agreement is void and unenforceable be issued, was then serving as Merchant Capital's manager. But Mr. Smith was an employee of Menard, Inc., the entity which was identified in the June 4, 2012 letter from Merchant Capital as the successor manager of New Sunshine. Mr. Smith had traveled to the New Sunshine offices during the firing of Mr. Hilbert, Mr. Weber, and others on Menard, Inc.'s airplane. Mr. Smith concede[d] [in his deposition] that one reasonable interpretation of the June 4, 2012 letter is that Menard, Inc. became New Sunshine's manager when Mr. Hilbert and MH Equity Managing Member were replaced. If Menard, Inc. effectively was New Sunshine's manager as of March 15, 2013, then Merchant Capital – a separate entity – is not protected under a claim that it acted as New Sunshine's agent when the Agreement was declared void and unenforceable.[2]
>
> 44. Even if Merchant Capital became New Sunshine's replacement manager, Merchant Capital does not have the protection it seeks from the claim for tortious interference.

[Dkt. 80, Conclusions of Law, ¶¶ 43-44.] Melania Marks' Trial Brief stated that "[a]t all relevant times during the negotiation, execution, and partial performance of the Agreement, and when it was declared void by Merchant Capital, New Sunshine and Merchant Capital were separate and distinct legal entities, with separate governances." [Dkt. 80, Findings of Fact, ¶ 7.]

These facts and procedural history belie the entire premise of Merchant Capital's Motion to Reconsider – that this Court decided an uncontested, non-adversarial issue. Merchant Capital's alleged managerial status was, from the outset, front and center before the Court. Plaintiffs filed the action for declaratory judgment against Melania Marks and, therefore, bore the burden of proving their assertions. *See Metropolitan Cas. Ins. Co. v. New York v. Miller*, 188 F.2d 702, 704 (7th Cir. 1951) (holding that "burden was on plaintiff to prove its case" in

---

[2] Melania Marks' counsel cross-examined Mr. Smith on these issues. In addition, the Court itself asked many questions of counsel and the witnesses throughout the trial, which focused on Menard, Inc.'s "family tree" and who managed and/or controlled the various entities under Menard, Inc.'s umbrella, including New Sunshine.

declaratory judgment action); *United Nat'l Ins. Co. v. Fasteel, Inc.*, 550 F.Supp.2d 814, 829 (N.D. Ill. 2008) ("In an action for declaratory judgment, the burden of proof rests with the party seeking relief."); *NRT Metals, Inc. v. Manhattan Metals (Non-Ferrous) Ltd.,* 576 F. Supp. 1046, 1052 n. 17 (S.D.N.Y. 1983) ("The party who institutes the declaratory judgment action carries, at a minimum, the risk of non-persuasion, if not the actual burden of proof."). *See also International Hotel Co. v. Libbey*, 158 F.2d 717, 721 (7th Cir. 1947) ("When an issue of fact is tendered by the complaint and denied by the answer, the plaintiff must prove its complaint, even though it is a complaint for declaratory judgment.").[3] Accordingly, the Court did not make "a decision outside the adversarial issues[,]" as Merchant Capital contends. [Dkt. 96, p. 4 (citation omitted).] The Court's conclusion that Merchant Capital "acted as an outside third-party independent of New Sunshine" is well within the scope of the adversarial issues presented by the parties.[4] [Dkt. 96, p. 3.]

---

[3] Merchant Capital cites *Washington Twp. Fire Dept. v. Beltway Surgery Ctr.*, 911 N.E.2d 590 (Ind. Ct. App. 2009), for the proposition that "it was incumbent upon Melania Marks Skincare, LLC to raise any issues about the propriety with which Merchant Capital became the manager of New Sunshine. [Dkt. 96, pp. 4-5.] *Beltway Surgery* involved a petition for judicial review of an administrative decision by the Worker's Compensation Board and is thus inapposite. *See* 911 N.E.2d at 590. Additionally, Merchant Capital overlooks the salient point that it was the one, along with New Sunshine, to initiate the declaratory judgment action against Melania Marks. "[T]he party seeking the judgment in a declaratory judgment action must carry the burden of proving its propriety." *Sans v. Monticello Ins. Co.*, 718 N.E.2d 814, 819 (Ind. Ct. App. 1999). Even *Beltway Surgery* recognizes that "allocations of burdens of production and persuasion may depend on which party has made an affirmative allegation or has peculiar means of knowledge of a fact." 911 N.E.2d at 596. Here, Plaintiffs made the affirmative allegation that Merchant Capital was acting as the duly-appointed replacement manager of New Sunshine when it declared the License Agreement null and void, and Plaintiffs have the peculiar means of knowledge concerning that supposed appointment.

[4] Merchant Capital's analogy to a perceived lack of evidence in the record regarding the formation of Melania Marks Skincare, LLC is a poor one. [Dkt. 96, p. 5.] The parties agreed in their Joint Jurisdictional Statement that "Melania Marks Skincare, LLC is a limited liability company organized in Delaware with its principal place of business in New York." [Dkt. 21, p.3.] Consequently, this fact was stipulated to before trial.

### III. Merchant Capital Cannot Use Its Motion To Reconsider To Reopen Plaintiffs' Case And Rectify Plaintiffs' Failure To Present Evidence At Trial.

Notwithstanding any misconception of the facts and procedural history, Merchant Capital urges that this Court's decision on tortious interference should be revisited in light of the additional evidence proffered for the first time with its Motion to Reconsider. Merchant Capital's belated attempt to supplement the record with Mr. Anderson's Affidavit and various other emails and documents should be rejected for several reasons.

First, there are aspects of this evidence that are inadmissible on any level, much less in support of a post-trial Motion to Reconsider. For example, Mr. Anderson mentions an email attached to his Affidavit as <u>Exhibit 1</u>, but can only discuss the email based "[u]pon his information and belief[.]" [Dkt. 96-1, ¶ 5(a).] It is well settled that "[a]ffidavits based on information and belief—facts that the affiant believes are true, but which the affiant does not know are true—are not proper." *Humes v. EMF Corp.*, No. 1:10-CV-00070, 2011 WL 2225047, at *2 (N.D. Ind. June 30, 2011) (citations omitted). *See also Weiss v. Cooley*, 230 F.3d 1027, 1034 (7th Cir. 2000) (noting that affidavit stating various facts "on information and belief" was not enough to satisfy the personal knowledge requirement for affidavits).

Moreover, Mr. Anderson discusses in his Affidavit a letter from Mr. Hilbert to the Chief Financial Officer of Menard, Inc. (<u>Exhibit 2</u>) and Written Consents purporting to appoint Merchant Capital as the replacement manager of various companies, including New Sunshine (<u>Exhibits 3-6</u>). [Dkt. 96-1, ¶¶ 5(b)-(f); Dkt. 96-3 through Dkt. 96-7.] However, Mr. Anderson is not referenced in any of these documents in any capacity, he does not explain how he has personal knowledge of these documents, and he makes no attempt to satisfy the requirements for a business record affidavit under Federal Rules of Evidence 803(6) and 902(11). Mr. Anderson also does not establish that any of the copies attached to his Affidavit are true and correct copies

8

of the originals. Their authenticity is questionable, particularly since Exhibit 1 appears to have some redactions [Dkt. 96-2], and Exhibit 2 appears to include some miscellaneous undated, untitled pages that were not a part of the original letter that is supposed to be Exhibit 2 [Dkt. 96-3, pp. 4-8]. *See* Fed. Evid. R. 901. None of the pages are bates stamped, and it does not appear that any of the attachments to Mr. Anderson's Affidavit were produced in discovery, which was closed before trial by order of this Court. [Dkt. 54, 66.]

Melania Marks should not be placed in a position where it is unable to determine the authenticity and veracity of the information submitted in support of Merchant Capital's Motion to Reconsider or to cross-examine Mr. Anderson on the statements made in his Affidavit.[5] This is exactly why the law places such strict limitations on motions to reconsider. These procedural and evidentiary concerns aside, Merchant Capital's Motion to Reconsider cannot be used to reopen Plaintiffs' case and rectify Plaintiffs' failure to present the necessary evidence at trial. Merchant Capital cannot offer evidence into the record that, in hindsight, could and should have been offered the first time Plaintiffs were before the Court at trial. *See Caisse Nationale de Credit Agricole*, 90 F.3d at 1269-70; *Atchley*, 926 F. Supp. at 1383-84; *Fidelity and Deposit Co. of Maryland*, 2013 WL 5938149, at *2.

Here, the evidence supporting Merchant Capital's Motion to Reconsider is not "new" so as to be properly considered by the Court. Plaintiffs called Mr. Anderson as a witness at trial. He could have been questioned about the matters that he would later include in his Affidavit. Plaintiffs also could have introduced at trial the documents attached to Mr. Anderson's Affidavit.

---

[5] Reopening discovery or the trial to allow these things to occur after the Court has entered its Order is not an appropriate remedy given the restrictions placed on motions to reconsider and is a slippery slope that would defeat the finality of this Court's decisions. *See In re August 1993 Regular Grand Jury*, 854 F. Supp. at 1406 (observing that "motions to reconsider are extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged").

There is no indication that any of this evidence, belatedly offered, was newly discovered after the Court entered its Order. *See Caisse Nationale de Credit Agricole*, 90 F.3d at 1269-70 (to establish that evidence in support of motion for reconsideration is newly discovered, moving party must show not only that evidence was newly discovered or unknown until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence beforehand). Merchant Capital's proffer of existing evidence comes too late, and its Motion to Reconsider should be denied.

## CONCLUSION

Motions to reconsider are rarely appropriate and granted only under the most extraordinary of circumstances. Motions to reconsider are not intended to be second bites at the apple or vehicles to supplement the evidence when a litigant, in retrospect, has failed to meet its burden on an issue at trial. Merchant Capital has not shown that there are extraordinary circumstances justifying reconsideration, and its attempt to reopen the record and revive Plaintiffs' case-in-chief is unavailing. Merchant Capital's Motion to Reconsider should be denied, and this Court's Order should be left undisturbed.

Respectfully submitted,

/s/ Norman T. Funk
Norman T. Funk, Attorney No. 7021-49
Libby Y. Goodknight, Attorney No. 20880-49
Bryan S. Strawbridge, Attorney No. 29076-49
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, Indiana 46204-2079
Telephone: (317) 636-4341
Facsimile: (317) 636-1507
nfunk@kdlegal.com
lgoodknight@kdlegal.com
bstrawbridge@kdlegal.com

*Counsel for Melania Marks Skincare, LLC*

### **CERTIFICATE OF SERVICE**

      I hereby certify that on December 30th, 2013, a copy of the foregoing Response in Opposition to Merchant Capital, LLC's Motion to Reconsider was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Kevin C. Tyra
THE TYRA LAW FIRM, P.C.
kevin.tyra@tyralaw.net

Jerry M. Padgett
THE TYRA LAW FIRM, P.C.
jerry.padgett@tyralaw.net

Martin T. Tully
KATTEN MUCHIN ROSENMAN LLP
martin.tully@kattenlaw.com

/s/ Norman T. Funk
Norman T. Funk

KD_5893435_3.docx